Filed 12/10/21  P. v. Vasquez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079010 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD199902) |
| ISIDRO VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In February 2007, a jury convicted Isidro Vasquez of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true that he personally used a firearm (§ 12022,53, subds. (d) & (e)(1)) and that the crime was committed

---

[1] All further statutory references are to the Penal Code.

for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  Vasquez was sentenced to an indeterminate term of 50 years to life in prison.

Vasquez appealed and this court affirmed his conviction in an unpublished opinion, *People v. Vasquez*, D050954 (Feb. 5, 2009).

In 2019, Vasquez filed a petition for resentencing under section 1170.95.  Thereafter the court appointed counsel, received briefing, issued an order to show cause, held an evidentiary hearing, and ultimately denied the petition by written order.

Vasquez was not permitted to relitigate the issue of identity, which was resolved in the original trial.  The judge at the evidentiary hearing acted as an independent evaluator of the evidence.  The court found the prosecution had proved Vasquez's guilt beyond a reasonable doubt.  The court found Vasquez to be ineligible for resentencing under section 1170.95 and denied his petition.

Vasquez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Vasquez the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The facts of the offenses are fully set forth in our prior opinion. (*People v. Vasquez, supra*, D050954.)  Appellant has provided an accurate summary of those facts, which we will incorporate here.[2]

---

[2]      We do so in nearly verbatim fashion except to sometimes use initials in naming third parties involved in the subject offenses to protect privacy as much as possible.

"[Vasquez] was a member of the West Coast Crips (WCC), a criminal street gang. Members of WCC were known to congregate at the 3100 block of Clay Avenue in San Diego, and they claimed the Clay Avenue Park on that block as their territory. The WCC gang is predominantly Black. [Vasquez] is Hispanic.

"Clay Avenue Shooting

"[R.S.] lived on Clay Avenue across the street from the park. In the afternoon on October 9, 2004, [R.S.] was preparing for a party in her front yard and was able to observe the people gathered at a home and adjacent park across the street from her house. In the early afternoon, she noticed a red Jeep Cherokee pull up to the house across the street. Five Black males were in the vehicle. The Black males gathered in front of the garage for awhile, left in the Jeep, and then returned a short time later.

"At about 7:00 p.m., when [R.S.] was expecting her guests to arrive, a lot of people gathered at the house across the street, playing loud music and drinking. [R.S.] decided to move her party inside because she was afraid of the group across the street. Around this time, she noticed [Vasquez] across the street with the gathering of people. He 'stuck out' because he was the only Hispanic male in the group. At about 8:30 p.m., [R.S.] was on her front porch talking with guests. She noticed a white car driving fast up the street. The people gathered across the street became agitated, running around and 'scrambling all over.' One male ran to a bush, grabbed a shotgun, and started shooting at the white car. [R.S.] saw [Vasquez] standing like he was shooting. He had his hand out and she saw the 'motion of shooting' but she did not see him with a gun. After the white car passed, [R.S.] saw several males, including [Vasquez], enter the red Jeep Cherokee and leave the scene.

3

She also saw two males picking things up from the ground. They departed in a beige, cream colored or 'grayish' Cadillac.

"Boston Avenue Shooting

"At about 10:30 p.m. on October 9, 2004, 10 year old [G.P.], who resided in an apartment on Boston Avenue, was on the balcony of her second floor apartment which overlooked an alley behind her apartment building. She saw a red Jeep enter the alley. She could see through the driver's window that the driver had a large stomach that touched the steering wheel. She also noticed that he had long black curly hair, that he had a bandana covering his face from the nose down, and that his skin color was light brown. She could see the passenger's arm. The driver was Mexican and the passenger was black.

"After the Jeep entered the alley, the headlights were turned off. [G.P.] heard gunshots and went inside the apartment. Through the apartment window, she saw a man running from a dirt lot next to the apartment building and get into the Jeep. Then the Jeep drove away quickly with its lights off.

"Prior to the shooting, the victim, [W.R.] was sitting in a parked car located at 4056 Boston Avenue, an area associated with the 5/9 Brims gang, a rival of the WCC gang. Two 'pale faced' males approached and began shooting. [W.R.] was shot several times with a shotgun and a 9 mm handgun. He died from his injuries. Casings recovered at the Boston Avenue location matched a casing recovered at Clay Avenue.

"The Cadillac

"[H.Y.] was in the backyard of a home at 39th and Logan. He heard gunshots that he thought were coming from an area close to Boston Avenue. Soon after, he saw a red Jeep Cherokee drive by at high speed, run a stop

4

sign, and come to a stop near a parked Cadillac. Two Black males, each with a weapon in his hands, got out of the Jeep's passenger side, ran to the Cadillac, and threw the weapons into the trunk of the Cadillac. They got in the Cadillac and drove away. The Jeep also drove away from the scene. [H.Y.] was unable to see the driver of the Jeep well, but thought it was a Black male.

"[R.S.] saw the Cadillac return to the 3100 block of Clay Avenue at about 11:30 that night. The Cadillac was registered to a WCC gang member. Later on the night of October 9, [Vasquez] and other WCC gang members bragged about having shot somebody."

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issues that were considered in evaluating the potential merits of this appeal:

1. Whether the identity of the driver of the red Jeep Cherokee is an issue that can be raised and decided at a section 1170.95, subdivision (d)(3) evidentiary hearing.

2. Whether there was substantial evidence that Vasquez aided and abetted a gang retaliation shooting with the specific intent to kill and with deliberation and premeditation.

3. Whether the trial court applied the correct standard to the denial of Vasquez's resentencing petition, i.e., that the trial court act as an independent fact finder and determine that the prosecution bears the burden to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing and that substantial evidence supports the first degree murder conviction under current law.

5

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Vasquez on this appeal.

DISPOSITION

The order denying Vasquez's petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.